UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EDIDSON M.O., | Case No. 26-CV-1428 (PJS/DTS) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

Lyle Q. Cherneff, LEGAL RIGHTS CENTER, for petitioner

David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Edidson M.O.'s petition for a writ of habeas corpus.[1]  Edidson, a citizen of Ecuador, entered the United States without inspection as a minor approximately fifteen years ago.  V. Pet. ¶¶ 7, 12–13.  On February 13, 2026, Edidson was in a vehicle that was surrounded by five Immigration and Customs Enforcement ("ICE") vehicles.  V. Pet. ¶¶ 16–19.  Initially, ICE agents

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

"said that they were looking for someone named 'Helen' and that "there was no issue for" Edidson. V. Pet. 18. Nevertheless, a different agent arrested Edidson without a warrant and detained him at the Bishop Henry Whipple Federal Building. V. Pet. ¶¶ 19–21.

Respondents take the position that Edidson is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Edidson filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from cases such as *Santos M.C.* and instead argue that those cases are wrongly decided. Respondents' argument has some force. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (adopting the government's reading of § 1225(b)(2)). But the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Edidson, who entered without inspection and are already present and living in the United States.[2]

As to remedy: The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added). Edidson alleged in his petition that his arrest was warrantless, V. Pet. ¶ 21, and respondents have not argued otherwise or presented evidence to the contrary. *See generally* ECF No. 4; *see also* ECF No. 3 ¶ 2(e) (ordering respondents to address "[w]hether the absence of a warrant preceding petitioner's arrest necessitates

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See generally* ECF No. 4.

petitioner's immediate release"). The Court will therefore grant Edidson's petition and order his immediate release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody within 48 hours of entry of this Order. If petitioner is not in Minnesota, respondents must first return petitioner to Minnesota before releasing him.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 16, 2026, at 7:20 pm          s/Patrick J. Schiltz
                                              Patrick J. Schiltz, Chief Judge
                                              United States District Court